**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

CHRISTOPHER PEÑA,

        Plaintiff,

v.                                     ACTION NO. 2:12cv248

BURGER KING CORPORATION,

        Defendants.

## O R D E R

On July 25, 2012, Plaintiff filed a Motion for Protective Order and Motion to Quash Defendant's Subpoenas (ECF No. 15), and supporting memorandum ("Pl. Mem."). Defendant filed an opposition ("Opp.") on August 9, 2012 (ECF No. 18), and Plaintiff filed a reply ("Reply") on August 15, 2012 (ECF No. 19). Having reviewed the motion papers identified above, the Court will decide this motion without oral hearing, pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Civil Rule 7(J) of the Local Rules for the Eastern District of Virginia.

Plaintiff has filed suit against Defendant Burger King alleging he was terminated on the basis of a disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. Plaintiff was employed by Defendant from 2004 to 2011, during which time he was promoted to District Manager. Pl. Mem. 1-2. Plaintiff alleges he informed Defendant of his HIV status in June 2011 and was terminated in September 2011. Pl. Mem. 1. Defendants assert Plaintiff was terminated for "failing to reconcile a restaurant's bank deposits and failing to follow up on notices of discrepancies in those deposits, thus allowing an employee under his supervision to continue stealing money from Defendant and showing he had no appreciation for the critical role

he played in protecting company assets." Answer ¶ 1; ECF No. 7.   The subpoenas at issue are directed to Plaintiff's former employers, Taco Bell and Palo Alto (a Taco Bell franchisee), and request "the complete employment file of [Plaintiff] including employment application, payroll records, medical records, evaluations, correspondence and all other records omitting nothing." Pl. Mem. Exs. A and B, ECF Nos. 16-1 and 16-2.   The subpoenas seek records for the period of September 1999 to September 2002 from a Taco Bell in Virginia Beach, Virginia, and records for September 2002 to March 2004 from a Taco Bell in Norfolk, Virginia. Id.

Plaintiff argues that the employment records sought are "too old and remote in time," are irrelevant to an employment discrimination case, and contain "private, sensitive data that is privileged." Pl. Mem. 1-2.   Defendant argues Plaintiff lacks standing for a motion to quash, Plaintiff lacks good cause for issuance of a protective order, and the employment records contain discoverable relevant information. Opp. 2.

Under the Federal Rules, a court may quash or modify a subpoena that either "fails to allow reasonable time to comply," "requires a person who is neither a party nor a party's officer to travel more than 100 miles," "requires disclosure of privileged or other protected matter," or "subjects a person to undue burden." Fed. R. Civ. P. 45 (c)(3)(A).   "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." *United States v. Idema*, 118 Fed. Appx. 740, 744 (4th Cir. 2005); s*ee also Green v. Sauder Mouldings, Inc*., 223 F.R.D. 304, 306 (E.D. Va. 2004) (holding plaintiff lacked standing to quash third party subpoena on grounds that report was protected work product).   Plaintiff alleges the information sought in the employment records is privileged and protected, and cites several district court opinions from outside the Fourth Circuit

holding a plaintiff has standing to move to quash such subpoenas. Reply 12.   Defendant has cited district court cases from inside the Fourth Circuit holding a plaintiff lacks standing to move to quash third party subpoenas requesting phone records, bank records and medical records. Opp. 3-4.   The Fourth Circuit has not addressed the issue of whether a plaintiff has standing to move to quash third-party subpoenas seeking prior employment records.   It is not necessary for the Court to decide whether Plaintiff has standing under Rule 45 in this case, as Plaintiff has moved for a protective order under Rule 26 and clearly has standing to bring that motion.

Protective orders are meant to protect a party from "annoyance, embarrassment, [or] oppression." Fed. R. Civ. P. 26(c).   The party seeking a protective order has the burden to demonstrate good cause. *Id.*   Such good cause must be based "on a specific demonstration of facts rather than speculative statements about the need for a protective order and generalized claim for harm." *Vallejo v. Alan Vester Auto Group, Inc.,* No. 5:07-CV-343-BO, 2008 WL 4610233, *2 (E.D. N.C. Oct. 6, 2008).   Plaintiff has specifically stated that the subpoenaed documents contain confidential information, including medical information, income tax information, and information about family members. Pl. Mem. 9-10; Reply 13. Recovery of this information would, Plaintiff argues, be oppressive and invasive, and is not balanced by a relevant need on the part of Defendant. Pl. Mem. 10; Reply 1-2.

It is true that, under the Federal Rules, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. of Civ. P. 26(b). Using an exercise of judicial discretion, this Court fails to see what relevance the sought records would have to the present case.   Defendant asserts the subpoenas have been "tailored" to seek relevant information. Opp. 6.   To the contrary, the subpoenas seek "*the complete employment file*

of [Plaintiff] including employment application, payroll records, medical records, evaluations, correspondence and all other records *omitting nothing*," from the employers who employed plaintiff eight to thirteen years ago. Pl. Mem. Exs. A and B (emphasis added).   The subpoenas are overbroad, and could be quashed on this basis alone without addressing relevance. *See Lewin v. Nackard Bottling Co.*, No. CV 10-8041-PCT-FJM, 2010 WL 4607402, at *1 (D. Ariz. Nov. 4, 2010) (holding subpoena of entire personnel file from former employers was overbroad); *EEOC v. Vista Unified Sch. Dist.*, No. 07-1825-IEG(LSP), 2008 WL 4937000, at *1-2 (S.D. Cal. Nov. 17, 2008) (same); *Maxwell v. Health Center of Lake City*, No. 3:05cv1056-J-32MCR, 2006 WL 1627020, at *3 (M.D. Fla. June 6, 2006) (same); *but see Smith v. United Salt Corp.*, No. 1:08cv53, 2009 WL 2929343, at *5-6 (W.D. Va. Sept. 9, 2009) (denying motion to quash or modify 27 subpoenas duces tecum seeking work history records and medical records from plaintiffs' prior employers as the records could lead to the discovery of facts relevant to the parties' claims and defenses).

        Defendant argues the records are relevant, because they may reveal admissible after-acquired evidence. Opp. 7.   The Supreme Court has cautioned that although after-acquired evidence may be admissible, "[t]he concern that employers might as a routine matter undertake extensive discovery into an employee's background or performance on the job to resist claims under the Act is not an insubstantial one," but one that can be deterred by "invok[ing] the appropriate provisions of the Federal Rules of Civil Procedure." *McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 363 (1995).   Several district courts following *McKennon* have not allowed parties to rely on the after-acquired evidence doctrine as an independent basis for discovery, and instead require defendants to establish some basis for believing after-acquired

4

evidence exists prior to taking discovery on the basis of pure speculation.   *See Lewin*, 2010 WL 4607402, at *1; *EEOC v. Jack Marshall Foods*, No. 09-0160-WS-M, 2010 WL 55635, at *2 (S.D. Ala. Jan. 4, 2010); *Sanders v. Dalcraft*, No. 3-09-CV-0307-P, 2009 WL 1392602, at *2-3 (N.D. Tex. May 18, 2009); *Woods v. Fresenius Medical Care Grp. Of North Am.*, No. 1:06cv1804-RLY-WTL, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008); *Barrington v. Mortgage IT*, No. 07-61304-CIV, 2007 WL 4370647, at *4 (S.D. Fla. Dec. 10, 2007); *Chamberlain v. Farmington Savings Bank*, No. 3:06cv1437, 2007 WL 2786421, at *3 (D. Conn. Sept. 25, 2007); *Maxwell*, 2006 WL 1627020, at *5; *Perry v. Best Lock Corp.*, No. IP 98-C-0936-H/G, 1999 WL 33494858, at *2 (S.D. Ind. Jan. 21, 1999).

Next, Defendants assert the records are relevant because these records may contain evidence of Plaintiff failing to follow policies regarding bank deposits, similar to those of Defendant, while working for these prior employers. Opp. 7.   Under Federal Rule of Evidence 404(a), character evidence is "not admissible to prove that on a particular occasion the person acted in accordance with the character or trait."   Therefore, it is questionable whether such discovery could lead to evidence relevant to the claims and defenses in this case.   More importantly, Defendant has eight years of employment records at its disposal to reflect Plaintiff's compliance or noncompliance with store policies.

Lastly, Defendant argues the records may show, "to the extent Plaintiff sought a reasonable accommodation or medical leave for this or any other disability . . . his understanding of these areas." Opp. 7.   According to Plaintiff, he was not diagnosed with the disability in question until 2011, and it would not have been at issue at any time prior to his employment with Defendant. Reply 7-8.   If Defendant is seeking documents related to any previous disability, a narrowly

5

crafted request could address this issue.

The *Alberts* case and the *Powell* case, both from district courts in the Fourth Circuit and cited by Defendant, do not contain the same arguments on relevancy that are presented in this case. In both cases the employee plaintiffs seeking to quash discovery of prior employment records proceeded *pro se*, and did not make the legal arguments presented here. In *Powell*, Plaintiff filed only a motion to quash, not a motion for a protective order, and argued simply that the records were irrelevant "without elucidation" or further argument. *Powell v. FF Acquisition, L.L.C.*, Case No.: 2:11cv305, slip op. at 2 (E.D. Va. Dec. 8, 2011). In *Alberts*, Plaintiff objected on relevance by arguing only that the employer had had "ample time and opportunities to request the information at the time of his hiring." *Alberts v. Wheeling Jesuit University*, No. 5:09-CV-109, 2010 WL 1539852, *13 (N.D. W.Va. Apr. 19, 2010).   The same flawed arguments are not put forth by Plaintiff in this case, who more clearly argues the subpoenas are overbroad and not reasonably calculated to lead to the discovery of admissible evidence.

Accordingly, Plaintiff's motion for protective order as to Defendant's subpoenas is GRANTED, and Plaintiff's motion to quash Defendant's subpoenas is DENIED as MOOT.

The Clerk shall mail a copy of this Order to all counsel of record.


_____/s/_____
Tommy E. Miller
United States Magistrate Judge


Norfolk, Virginia
September 21, 2012

6